**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| ALBERT STRUTTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-06167-DGK |
| | ) | |
| RICHARD STEPANEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION**
**TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Albert Strutton, by and through his counsel of record, pursuant to Fed.R.Civ.P. 56 and Western District of Missouri Local Rule 56.1(b), and provides the following Suggestions in Opposition to Defendants Richard Stepanek, Jacqueline Boyer, Ryan Brownlow, Maureen O'Rourke, Tracy Muff and Nicole Rudisill's Motion for Summary Judgment (Doc. #95).

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES _____ 3

RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS

_____ 5

PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS

_____ 24

STANDARD OF REVIEW _____ 26

ARGUMENT _____ 27

    I.      Pursuant to Fed.R.Civ.P. 56(c)(2), Defendants' Motion for Summary Judgment is not properly supported by evidence that is admissible or usable at trial.

    II.     Pursuant to Fed.R.Civ.P. 37(c)(1), Defendants' Motion for Summary Judgment is impermissibly based in part on documentary evidence that was not disclosed in Defendants' Rule 26(a) disclosures.

    III.    The Prisoner Litigation Reform Act did not require Plaintiff to exhaust his administrative remedies because he was no longer a prisoner at the time of the filing of the instant litigation and as such, he had no administrative remedies available.

    IV.    Defendants are not entitled to Qualified Immunity as to Plaintiff's Eight Amendment Claims.

        a.   Defendant Depuy's conduct as it related to Plaintiff violated his Eight Amendment Rights by forcing Plaintiff into a sexual relationship with him due to her position of power.
        b.   Defendants Thompson and Depuy were acting under color of state law when they engaged in conduct inside WRDCC and while Plaintiff was a parolee.
        c.   The moving Defendants deliberate indifference was the result of MDOC's institutional lack of affirmative action to stop the actions of Defendants Thompson and Depuy after learning of the same.

    V.     Plaintiff's Fourteenth Amendment liberty interest in his bodily integrity arose from an expectation or interest created by MDOC Policies and the PREA.

CONCLUSION _____ 38

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)                    26

*Anderson v. Creighton,* 483 U.S. 635 (1987)                    33

*Anderson v. Roberts*, 823 F.2d 235 (8th Cir. 1987)                    26

*Bargher v. White,* 928 F.3d 439 (5th Cir. 2019)                    30

*Booth v. Churner*, 532 U.S. 731 (2001)                    30

*Brown v. Linder*, 56 F.4th 1140 (8th Cir. 2023)                    30

*DG&G, Inc. v. Flexsol Pkging Corp. of P. Beach*, 576 F.3d 820 (8th Cir. 2009)    28

*Escamilla v. SMS Hldgs Corp.*, 2011 U.S. Dist. LEXIS 166602 (D.Minn. 2011)    28

*Fluker v. Cty. Of Kankakee*, 741 F.3d 787 (7th Cir. 2013)                    30

*Freitas v. Ault*, 109 F.3d 1335 (8th Cir. 1997)                    34

*Glenn v. Brown*, 18-cv-02307-KLM, 2019 WL 3067286 (D. Col. 2019)                    36

*Greig v. Goord*, 169 F.3d 165 (2d Cir. 1999)                    30

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982)                    32

*Matsushita Eltc. Industrial Co. Ltd. V. Zenith Radio Corp.*, 475 U.S. 574 (1986)    26

*Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034 (N.D. Ia 2006)  28

*Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997)                    35

*Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)                    30

*Pink Supply Corp. v. Hiebert, Inc.*, 788 F.2d 1313 (8th Cir. 1986)                    26

*Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014)                    33

*Polk Cnty. v. Dodson*, 454 U.S. 312 (1981)                    36

*Ross v. Blake*, 578 U.S. 632 (2016)                    29

*Saylor v. Nebraska*, 812 F.3d 637 (8th Cir. 2016)                    38

*Stark v. Lee Cty.*, 993 F.3d 622, 625 (8th Cir. 2021)    33

*Tyler v. Harper*, 744 F.2d 653 (8th Cir. 1984), *cert. denied* 470 U.S. 1057 (1985)  26

*Walker v. Wayne County, Iowa*, 850 F.2d 433 (8th Cir. 1988)    26

*Walton v. Dawson*, 752 F.3d 1109 (8th Cir. 2014)    26

*White v. Pauly*, 137 S. Ct. 548, 551 (2017)    33

*Whitley v. Albers*, 475 U.S. 312 (1986)    34

*In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995 (8th Cir. 2011)    28

*Wilkinson v. Austin*, 545 U.S. 209 (2005)    37

**Statutes**

34 U.S.C. §§ 30301, *et seq.*    32

42 U.S.C. § 1997e    29,30 & 32

**Rules**

Federal Rule of Civil Procedure 26(a)    28

Federal Rule of Civil Procedure 37(c)(1)    29

Federal Rule of Civil Procedure 56(c)    26

**Other Authorities**

Webster's Third New International Dictionary 150 (1993)    30

## RESPONSE TO DEFENDANTS' STATEMENT
## OF UNCONTROVERTED MATERIAL FACTS

1.      Albert Strutton ("Plaintiff") was an inmate at Western Reception Diagnostic Correctional Center ("WRDCC") from January 4, 2019 until January 31, 2019. *Def. Ex. A. p. 11.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment).  Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #1.

2.      Defendant Ray Thompson was employed by the Missouri Department of Corrections from June 25, 2018, until his resignation on June 12, 2019. *Def. Ex. C, pp. 1, 42.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #2.

3.      Defendant Richard Stepanek was the warden at WRDCC at the time of the events alleged in the complaint. *Def. Ex. D, p. 16.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #3.

4. Defendant Tracy Muff was a probation and parole officer and case manager at WRDCC at the time of the events alleged in the complaint. *Def. Ex. J, pp. 6-7.*

RESPONSE: Plaintiff admits the facts alleged in Defendants' SOF #4.

5. Defendant Tracy Muff was never Plaintiff's probation or parole officer. *Def. Ex. J, p. 15.*

RESPONSE: Plaintiff admits the facts alleged in Defendants' SOF #5.

6. On February 24, 2019, Defendant Tasha Depuy stopped coming to work at WRDCC. *Def. Ex. B, p. 1.*

RESPONSE: Plaintiff admits the facts alleged in Defendants' SOF #5.

7. On March 7, 2019, an inmate informed Defendant Muff that Defendant Thompson was bringing illegal drugs into the facility. *Def. Ex. A., p. 1.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #7.

8.      Defendant Muff reported this conduct to Defendant Stepanek. *Def. Ex. A, p. 1.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #8.

9.      On March 8, 2019, Defendant Stepanek sent a request for investigation to the employee conduct unit to investigate these allegations. *Def. Ex. A, p. 1.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol*

*Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #9.

10.　　　An employee conduct unit investigation was opened on March 10, 2019. *Def. Ex. A, p. 1.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #10.

11.　　　Defendant Nicole Rudisill was assigned to this investigation. *Def. Ex. A, p. 1.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated

Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #11.

12.     On March 11, 2019, Defendant Thompson reported to Defendant Richard Stepanek that he had observed Defendant Depuy and Plaintiff at a bar in Kansas City, MO on March 6, 2019. *Def. Ex. D, p. 19.*

RESPONSE: Plaintiff admits the facts alleged in Defendants' SOF #12.

13.     On March 12, 2019, Defendant Stepanek submitted another request for investigation concerning these allegations. *Def. Ex. A, p. 1.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol*

*Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #13.

14.     These allegations were added to the investigation already opened by Defendant Rudisill. *Def. Ex. A, p. 1.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #14.

15.     On or around April 5, 2019, Defendant Ryan Brownlow learned that Defendant Depuy was contacting Plaintiff outside WRDCC. *Def. Ex. E, pp. 9-11.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #15.

16.     This was the first time Defendant Brownlow was aware of potential avoidable contact between Defendant Depuy and Plaintiff. *Def. Ex. E, pp. 9-11.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #16.

17.     On May 22, 2019, Defendant Depuy was terminated. *Def. Ex. D, p. 34.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #17.

18.     On May 29, 2019, Colin Newkirk interviewed Plaintiff regarding allegations that he violated his parole. *Def. Ex. A, p. 2.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #18.

19.     Plaintiff told Newkirk that he was in a relationship with Defendant Depuy. *Def. Ex. A, p. 2.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated

Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #19.

20.     Plaintiff told Newkirk that he had engaged in sexual contact with Defendant Depuy while incarcerated at WRDCC. *Def. Ex. A, p. 2.*

RESPONSE:   Plaintiff objects to this statement as relying on hearsay and in lacking foundation.   Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #20.

21.     Newkirk submitted a request for investigation concerning these allegations on May 30, 2019. *Def. Ex. A, p. 2.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment).  Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #21.

22.     The allegations were added to the investigation Defendant Rudisill was conducting. *Def. Ex. A, p. 2.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol*

*Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #22.

23.     On May 31, 2019, Plaintiff was returned to WRDCC for a parole violation, and then extradited to Johnson County, KS on June 4, 2019. *Def. Ex. A, p. 3.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #23.

24.     On June 12, 2019, Defendant Thompson resigned from her position at WRDCC. *Def. Ex. A, p. 3.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #24.

25.    On July 22, 2019, Defendant Rudisill interviewed Plaintiff regarding the allegations he made on May 29, 2019, *Def. Ex. A, p. 8.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes.");

and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #25.

26.     Plaintiff told Defendant Rudisill that he and Defendant Depuy began a romantic relationship in early January 2019. *Def. Ex. A, p. 8.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #26.

27.     Plaintiff told Defendant Rudisill that Defendant Thompson propositioned him and grabbed at Plaintiff's penis while Plaintiff was incarcerated. *Def. Ex. A, p. 8.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust*

*Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #27.

28.     Plaintiff told Defendant Rudisill that he did not report the conduct while he was incarcerated at WRDCC. *Def. Ex. A, p. 8.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment).  Without waiving his objection, Plaintiff controverts the facts contained

in Defendants' SOF #28 and affirmatively states that he did report the conduct while incarcerated at WRDCC. *Def. Ex. K, pp. 42-44.*

29.    Plaintiff did not report the conduct while he was incarcerated because he didn't want to risk losing special privileges like working food service. *Def. Ex. K, pp. 44-45.*

RESPONSE:  Controverted.  Plaintiff affirmatively states that he did report the conduct while incarcerated at WRDCC. *Def. Ex. K, pp. 42-44.*

30.    On August 28, 2019, Defendant Rudisill completed her investigation. *Def. Ex. A, p. 1.*

RESPONSE:  Plaintiff objects to this statement as relying on hearsay and in lacking foundation.  Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible.  *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #30.

31.    The investigation concluded that Defendant Depuy had avoidable contact with Plaintiff. *Def. Ex. A, p. 12.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #31.

32. The investigation concluded that there was insufficient evidence to support the allegation that Defendant Depuy engaged in sexual contact with Plaintiff at WRDCC. *Def. Ex. A, p. 14.*

RESPONSE: Plaintiff objects to this statement as relying on hearsay and in lacking foundation. Defendants' citation to the record comes from an unverified and unauthenticated Investigation Report which is inadmissible. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits

have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment). Without waiving his objection, Plaintiff admits the facts alleged in Defendants' SOF #32.

33.     On April 24, 2020, Plaintiff submitted his first grievance concerning the allegations in the complaint. *Def. Ex. H, p. 2.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #33.

34.     That grievance is identified as grievance number WRDCC-20-378. *Def. Ex. H, p. 2.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #34.

35.     Defendant Jacqueline Boyer was not aware of Plaintiff's allegations against Defendants Thompson and Depuy until her deposition on May 4, 2023. *Def. Ex. F, pp. 9-10.*

RESPONSE:  Plaintiff admits the facts alleged in Defendants' SOF #35.

36.     Defendant Maureen O'Rourke was not aware of Plaintiff's allegations against Defendants Thompson and Depuy until her deposition on May 4, 2023. *Def. Ex. G, pp. 15-16.*

RESPONSE:  Plaintiff admits the facts contained in Defendants' SOF #36.

37.     The MDOC Offender Grievance Procedure, D5-3.2, governs procedure for offender grievances. *Def. Ex. I, p. 63.*

RESPONSE:  Plaintiff objects to this statement as relying on a document that was not provided to Plaintiff in Defendants' Rule 26(a) Disclosures herein or during the course of discovery herein.  Defendants' citation to the record comes from a document that was not disclosed by Defendants in their respective Rule 26(a) Disclosures, or otherwise during

discovery herein, in violation of Fed.R.Civ.P. 37(c)(1). Fed.R.Civ.P. 37(c)(1) states in relevant part that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Plaintiff's Ex. A.* Without waiving his objection, Plaintiff admits the facts contained in Defendants' SOF #37.

38.     The offender grievance procedure requires inmates to file an informal resolution request within 15 calendar days the incident. *Def. Ex. I, p. 64.*

RESPONSE: Plaintiff objects to this statement as relying on a document that was not provided to Plaintiff in Defendants' Rule 26(a) Disclosures herein or during the course of discovery herein. Defendants' citation to the record comes from a document that was not disclosed by Defendants in their respective Rule 26(a) Disclosures, or otherwise during discovery herein, in violation of Fed.R.Civ.P. 37(c)(1). Fed.R.Civ.P. 37(c)(1) states in relevant part that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Plaintiff's Ex. A.* Without waiving his objection, Plaintiff admits the facts contained in Defendants' SOF #38.

39.     After the offender receives a response, the offender must file an Offender Grievance within 7 calendar days of receiving the informal resolution request response. *Def. Ex. I, p. 64.*

RESPONSE: Plaintiff objects to this statement as relying on a document that was not provided to Plaintiff in Defendants' Rule 26(a) Disclosures herein or during the course of discovery herein. Defendants' citation to the record comes from a document that was not

disclosed by Defendants in their respective Rule 26(a) Disclosures, or otherwise during discovery herein, in violation of Fed.R.Civ.P. 37(c)(1). Fed.R.Civ.P. 37(c)(1) states in relevant part that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Plaintiff's Ex. A.* Without waiving his objection, Plaintiff admits the facts contained in Defendants' SOF #39.

40. If the offender does not receive a response to the grievance request within 40 calendar days, an offender may appeal. *Def. Ex. I, p. 64.*

RESPONSE: Plaintiff objects to this statement as relying on a document that was not provided to Plaintiff in Defendants' Rule 26(a) Disclosures herein or during the course of discovery herein. Defendants' citation to the record comes from a document that was not disclosed by Defendants in their respective Rule 26(a) Disclosures, or otherwise during discovery herein, in violation of Fed.R.Civ.P. 37(c)(1). Fed.R.Civ.P. 37(c)(1) states in relevant part that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See Plaintiff's Ex. A.* Without waiving his objection, Plaintiff admits the facts contained in Defendants' SOF #40.

41. If the offender does not file an appeal within 7 days of receiving a response to the offender grievance, then the complaint is deemed abandoned. *Def. Ex. I. p. 65.*

RESPONSE: Plaintiff objects to this statement as relying on a document that was not provided to Plaintiff in Defendants' Rule 26(a) Disclosures herein or during the course of discovery herein. Fed.R.Civ.P. 37(c)(1) states in relevant part that: "If a party fails to

provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiff controverts this factual allegation. *See Plaintiff's Ex. A.* Without waiving his objection, Plaintiff admits the facts contained in Defendants' SOF #41.

## PLAINTIFF'S STATEMENT OF ADDITIONAL UNCONTROVERTED FACTS

1. While incarcerated at the WRDCC, Plaintiff Albert Strutton was groped by Defendant Thompson in Plaintiff's genital area and Defendant also pinched his buttock. *Defs. Exhibit K, pp. 31-32.*

2. Defendant Thompson also made comments about Plaintiff's genitalia and buttocks to Plaintiff while he was incarcerated at the WRDCC. *Defs. Exhibit K, pp. 31-32.*

3. Plaintiff reported Defendant Thompon's behavior to Defendant Depuy. *Defs. Exhibit K, p. 32.*

4. After reporting Defendant Thompson's behavior to Defendant Depuy, Defendant Thompson began to proposition Plaintiff on behalf of Defendant Depuy by delivering flirtatious and perverted messages to Plaintiff from Defendant Depuy. *Defs. Exhibit K, p. 40.*

5. Plaintiff and Defendant Depuy engaged in sexual acts within the WRDCC on multiple occasions. *Plfs. Exhibit C, pp. 19-20.*

6. Defendant Depuy visited Plaintiff in a hotel room he was staying in on February 5, 2019 with Defendant Thompson. *Plfs. Exhibit D, pp. 20-21.*

7. Defendant Depuy moved into the hotel room that Plaintiff was staying in soon after meeting him there on February 5, 2019. *Plfs. Exhibit D, pp. 23-25.*

8. Following moving into the hotel room with Plaintiff, Defendant Depuy then moved into Plaintiff's mother's house where she resided with Plaintiff and his mother. *Plfs. Exhibit D, p. 26.*

9. Defendant Depuy had a driver's license issued to her by the State of Missouri listing Plaintiff's mother's home as her address. *Plfs. Exhibit D, p. 28.*

10. Throughout the time that Defendant Depuy lived with Plaintiff, either at a hotel or at

his mother's home, Plaintiff was on parole from the MDOC and Defendant Depuy remained an employee of the MDOC. *Plfs. Exhibit D, p. 26.*

11. Defendant Thompson remained an employee of the MDOC through June 12, 2019. *Defs. Ex. A, p. 3.*

12. While on parole, Plaintiff remained in a relationship with Defendant Depuy partially due to his fear the Defendant Depuy would take action to have his parole revoked. *Defs. Exhibit K, p. 49.*

13. Shortly after Defendant Depuy moved out of Plaintiff's mother's house, criminal charges were brought against Plaintiff in the State of Kansas for crimes in which Defendant Depuy was the purported victim. *Plfs. Exhibit D, pp. 48-50.*

14. Defendant O'Rourke was Plaintiff's internal parole officer and prepared a report in April of 2020 for submission to the Parole Board seeking revocation of Plaintiff's parole. *Defs. Exhibit. G, pp. 13-14.*

15. Defendant Boyer was the Deputy Warden of the WRDCC in charge of operations including personnel issues in 2019. *Defs. Exhibit F, pp. 11-12.*

## STANDARD OF REVIEW

A moving party is entitled to summary judgment only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the facts in the light most favorable to Plaintiff, the non-moving party. *Walton v. Dawson*, 752 F.3d 1109, 1114 (8th Cir. 2014). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, the court must view the evidence before it in the light most favorable to the non-moving party and give the non-moving party the benefit of all inferences from the evidence, that may be reasonably drawn. *Matsushita Electric Industrial Co. Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied* 470 U.S. 1057 (1985).

"When ruling on a summary judgment motion, the district court may consider only the portion of the submitted materials that is admissible or useable at trial." *Walker v. Wayne County, Iowa*, 850 F.2d 433, 434 (8th Cir. 1988) *citing Anderson v. Roberts*, 823 F.2d 235, 238 (8th Cir. 1987) (additional internal citations omitted). "Thus, without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose [a motion for summary judgment]." *Walker,* 850 F.2d at 435 *citing Pink Supply Corp. v. Hiebert, Inc.*, 788 F.2d 1313, 1319 (8th Cir. 1986) (additional internal citations omitted). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).

# ARGUMENT

I.    **Pursuant to Fed.R.Civ.P. 56(c)(2), Defendants' Motion for Summary Judgment is not properly supported by evidence that is admissible or usable at trial.**

Defendants' Statement of Uncontroverted Material Facts filed with Defendants' instant Motion for Summary Judgment (Doc. #95) cites extensively to an Investigation Report authored by Defendant Nicole Rudisill that is attached to Defendants' Supplement Suggestions in Support as Exhibit A. (*See* Defendant's SOF at ¶¶ 1, 7-11, 13-14, 18-28, and 30-31). The Investigation Report is rife with examples of inadmissible hearsay and double hearsay statements. (*See* Defendants' SOF at ¶¶ 7-9, 19-20, 24-28). Fed.R.Civ.P. 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Plaintiff objects to this court's consideration of any and all hearsay statements contained within Exhibit A to Defendants' Motion for Summary Judgment, as Defendants have made no effort to make any showing as to the admissibility of the same. Moreover, Defendants have had the opportunity to take the depositions of, or have taken the depositions of, the individuals whose hearsay statements appear in the Investigation Report, but chose not to do so.

"When ruling on a summary judgment motion, the district court may consider only the portion of the submitted materials that is admissible or useable at trial." *Walker,* 850 F.2d at 434 (internal citations omitted). "Without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose [a motion for summary judgment]." *Walker*, 850 F.2d at 435 (internal citations omitted). Without the consideration of the hearsay statements cited by Defendants and contained in Exhibit A to Defendants' Motion for Summary Judgment, Defendants' Motion for Summary Judgment fails to set forth uncontroverted and admissible facts that show that Defendants are entitled to judgment herein as a matter of law

and, therefore, this Court should deny Defendants' Motion for Summary Judgment. *See In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1001 (8th Cir. 2011)(stating "we require district courts to rely only on admissible evidence at the summary judgment stage."); *Escamilla v. SMS Holdings Corp.*, 2011 U.S. Dist. LEXIS 166602, *18 (D.Minn. 2011)(holding that witness statements in a police report are not given under oath and are inadmissible hearsay); *DG&G, Inc. v. Flexsol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009)(noting other circuits have held "unsworn expert reports are not admissible for summary judgment purposes."); and *Maytag Corp. v. Electrolux Home Prod., Inc.*, 448 F.Supp.2d 1034, 1063 (N.D. Iowa 2006)(noting that unverified or unauthenticated expert reports cannot be considered on summary judgment).

## II. Pursuant to Fed.R.Civ.P. 37(c)(1), Defendants' Motion for Summary Judgment is impermissibly based in part on documentary evidence that was not disclosed in Defendants' Rule 26(a) disclosures or in response to Plaintiff's Discovery Requests.

Defendants' Statement of Uncontroverted Facts Nos. 37-41 are supported by citation to Exhibit I of Defendants' Motion for Summary Judgment. Exhibit I to Defendants' Motion for Summary Judgment is a copy of the Missouri Department of Corrections' Offender Rule Book. The Missouri Department of Corrections' Offender Rule Book was not produced in Defendants' Rule 26(a) Disclosures or during the course of discovery herein. *See Plaintiff's Exhibit A, Declaration of Counsel Erik P. Klinkenborg*. Fed.R.Civ.P. 26(a) states in relevant part that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting discovery request, provide to the other parties: … (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment …" As Plaintiff's counsel's declaration attached hereto as *Plaintiff's Exhibit*

*A* and Defendants' Rule 26(a) disclosures served on Plaintiff herein and attached hereto as *Plaintiff's Exhibit B* demonstrate, Defendants' have never provided Plaintiff with a copy of the Offender Rule Book although it is used in Defendants' Motion for Summary Judgment to support their defenses.

Fed.R.Civ.P. 37(c)(1) states in relevant part that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Without the consideration of the undisclosed and undiscovered Offender Rule Book, attached as Exhibit I to Defendants' Motion for Summary Judgment, Defendants' Motion for Summary Judgment fails to set forth uncontroverted, admissible, facts that show that Defendants are entitled to judgment herein as a matter of law and, therefore, this Court should deny Defendants' Motion for Summary Judgment.

III.  **The Prisoner Litigation Reform Act did not require Plaintiff to exhaust his administrative remedies because he was no longer a prisoner at the time of the filing of the instant litigation and as such, he had no administrative remedies available.**

The Prison Litigation Reform Act's ("PLRA") administrative exhaustion provision states that: "no action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The touchstone for construing the meaning of the provision is the statutory text. *Ross v. Blake*, 578 U.S. 632, 638 (2016). "Adherence to the PLRA's text runs both ways: The same principle applies regardless of whether it benefits the inmate or the prison." *Id.* at 638, n. 1. The PLRA is limited in its application only to "a prisoner confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). A "prisoner" is defined as "any person incarcerated or detained in any facility."

42 U.S.C. § 1997e(h). Accordingly, plaintiffs who "file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision." *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) *see also Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

The remedy when a prisoner prematurely files a claim before exhausting administrative remedies the remedy is dismissal without prejudice of those claims. *See, e.g., Bargher v. White,* 928 F.3d 439, 447 (5th Cir. 2019); *Fluker v. Cty. Of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013). Dismissal without prejudice "permits the litigant to refile if he exhausts or is otherwise no longer barred by the PLRA requirements." *Bargher*, 928 F.3d at 447. The administrative exhaustion section of the PLRA requires that the administrative remedies be "available" to the prisoner. 42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court explained that the ordinary meaning of the word "available" is "capable of use for the accomplishment of a purpose," and that which "is accessible or may be obtained." *Id.* at 737-738 (quoting Webster's Third New International Dictionary 150 (1993)). Thus, a prisoner is required to exhaust only those grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Id.* at 738.

On December 13, 2021, when Plaintiff filed his Complaint (Doc. #1) herein and on May 24, 2022, when Plaintiff filed his Amended Complaint (Doc. #27) herein, Plaintiff had been released by the Missouri Department of Corrections ("MDOC").[1] *Defendants' SOF* ¶¶ 1 & 23. Accordingly, Plaintiff was no longer a "prisoner" for purposes of the PLRA and,

---

[1] Prior to retaining counsel herein, on July 6, 2020, Plaintiff Albert Strutton, acting *pro se*, filed a Complaint (Doc #1) with this Court arising out of the same nexus of facts as the instant litigation. *See Strutton v. State of Missouri, et al.,* Case No. 5:20-cv-06103-DGK. On December 14, 2020, this Court entered is Order dismissing Case No. 5:20-cv-06103-DGK with prejudice. This had the same effect as if his *pro se* Complaint had been dismissed by this Court without prejudice for Plaintiff's then failure to exhaust his administrative remedies. *See, e.g., Bargher v. White,* 928 F.3d 439, 447 (5th Cir. 2019); *Fluker v. Cty. Of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013).

therefore, did not need to satisfy the exhaustion requirements of the PLRA. *Nerness,* 401 F.3d at 876.

Further, due to the limited amount of time that Plaintiff was incarcerated by the MDOC while the constitutional violations complained of herein occurred and the MDOC's Offender Rule Book's grievance procedures and timing, Plaintiff did not have any administrative remedies "available" to him, that were "accessible or may be obtained." *Id.* During the time period relevant to Plaintiff's allegations herein, Plaintiff was confined at the Western Reception and Diagnostic Correctional Center ("WRDCC") from January 4, 2019 until January 31, 2019 and again from May 31, 2019 until June 4, 2019. (Doc. #95), Defendants' Supplement Suggestions in Support, SUMF ¶¶ 1 & 23. Per the MDOC Grievance Procedures, D5-3.2: Plaintiff was required to file an informal resolution request within 15 calendar days of the incident; then 7 calendar days after receiving a response to his informal resolution request he was required to file an Offender Grievance; and file an appeal of the Offender Grievance within 7 calendar days of receiving a response, or if he did not receive a response to his Offender Grievance within 40 calendar days he had the right to appeal. (Doc. #95), Defendant's Supplement Suggestions in Support, Exhibit A, SUMF ¶¶ 37-41. Based on the amount of time that plaintiff was confined in the WRDCC and the MDOC Grievance Procedures requirements, Plaintiff could not have exhausted his administrative remedies under the PLRA.

When Plaintiff had the MDOC's administrative grievance procedure again available to him, he did file an Offender Grievance on April 24, 2020 complaining of violations of the Prison Rape Elimination Act ("PREA"), the response that he received on April 27, 2020 stated that his case was "substantiated" and "[s]ubsequently the staff members involved is no longer employed with the Missouri Department of Corrections. Therefore, no further actions

or investigations are needed at this time.  This should satisfy your complaint." (Doc. #95), Defendants' Supplement Suggestions in Support, Exhibit 10 p. 2 & 4.

Due to Plaintiff no longer being a "prisoner" when his Complaint and Amended Complaint were filed herein and Plaintiff not having administrative remedies "available" to him at the time of the constitutional violations alleged herein, Defendants have failed to present uncontroverted facts that show that Defendants are entitled to judgment herein as a matter of law and, therefore, this Court should deny Defendants' Motion for Summary Judgment.  42 U.S.C. § 1997e(a).

## IV.     Defendants' are not entitled to Qualified Immunity as to Plaintiff's Eighth Amendment Claims.

The moving Defendants are not entitled to qualified immunity for their respective acts and inactions alleged in the instant litigation.  Firstly, the moving Defendants' actions or inactions, as alleged in Plaintiff's First Amended Complaint were not discretionary functions and, as such, the moving Defendants are not entitled to qualified immunity.  The doctrine of qualified immunity protects "government officials performing discretionary functions … from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Under the Prison Rape Elimination Act, 34 U.S.C. §§ 30301, *et seq.* (hereinafter the "PREA"), Missouri Law and DOC Policies and Procedures, the moving Defendants were required to take certain actions upon learning of Defendants Depuy and Thompson's sexual activities with and sexual harassment of Plaintiff, these required actions were not discretionary and, as such, the moving Defendants are not entitled to qualified immunity from liability for their inactions in this case.

Secondly, should this Court conclude that the moving Defendants' actions and inactions as alleged in Plaintiff's Amended Complaint were discretionary, the moving Defendants still

are not entitled to qualified immunity under the applicable law regarding the grant of qualified immunity. The Eighth Circuit has held that a Defendant in a § 1983 action is not entitled to qualified immunity if: "(1) the facts, viewed in a light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of deprivation." *Stark v. Lee Cty.*, 993 F.3d 622, 625 (8th Cir. 2021). A "defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). Under "existing precedent" the constitutional question that the Defendants faced must have been "beyond debate." *Id.* The Court must not "define clearly established law at a high level of generality." *Id.* However, there does not need to be "a case directly on point" and qualified immunity does not protect the incompetent or knowing violations of the law. *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam).

Plaintiff has alleged sufficient facts to show that his constitutional right was "clearly established at the time of deprivation." *Stark,* 993 F.3d at 625. Amended Complaint at ¶¶ 35-48. The moving Defendants knew or should have known at the time they each individually failed to act on the information they received regarding Defendants Thompson and Depuy's inappropriate and sexual relationship with Plaintiff, that their inactions would cause continued violations of Plaintiff's 8th and 14th Amendment Rights. It was "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987) (internal citations omitted).

a. **Defendant Depuy's conduct as it related to Plaintiff violated his Eighth Amendment Rights by forcing Plaintiff into a sexual relationship with him due to her position of power.**

The Eight Circuit has held that it "believe[s] that because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in sever physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain.'" *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) *citing Whitley v. Albers*, 475 U.S. 312, 319 (1986). Defendants cite *Freitas* for the proposition that a consensual relationship between a corrections officer and an inmate or parolee does not violate the inmate or parolee's constitutional rights. In *Freitas*, the inmate Plaintiff initiated the first kiss with the corrections officer, sent the corrections officer daily letters of a sexual nature, and initiated discussions with the corrections officer about living together when the inmate Plaintiff was released. *Freitas*, 109 F.3d at 1338. The facts of the case before the Court are dissimilar to those in *Freitas* in many ways.

Plaintiff has testified that while he was incarcerated at the WRDCC, he was subjected to sexual harassment and abuse by Defendant Thompson who groped Plaintiff's genital area, pinched his buttocks and also made comments about Plaintiff's gentitals and buttocks. (PASUMF 1 & 2). Plaintiff reported Defendant Thompson's behavior to Defendant Depuy. (PASUMF 3). After reporting Defendant Thompson's behavior to Defendant Depuy, Defendant Thompson then began to proposition Plaintiff on behalf of Defendant Depuy, telling Plaintiff that his "home girl" liked Plaintiff and delivering flirtatious and perverted messages from Defendant Depuy to Plaintiff. (PASUMF 4). Plaintiff further testified that he and Defendant Depuy engaged in sexual acts at her urging while he was still incarcerated at the WRDCC. (PASUMF 5).

Defendant Depuy admitted in her testimony that she visited Plaintiff in a hotel room he was staying in on February 5, 2019, days after his release from the WRDCC. (PASUMF 6). Within days of February 5, 2019, Defendant Depuy moved into Plaintiff's hotel room with him, prior to moving to Plaintiff's mother's home where she resided with Plaintiff and his mother. (PASUMF 7 & 8). Defendant Depuy had a State of Missouri Driver's License issued to her, listing Plaintiff's mother's home as her address, while she resided with Plaintiff and his mother for a couple of months during the spring of 2019. (PASUMF 9). During the entire time that Defendant Depuy lived with Plaintiff, Plaintiff remained on parole from the MDOC and Defendant Depuy remained an employee of the MDOC. (PASUMF 10). Plaintiff has testified that he remained in the relationship in part out of fear that Defendant Depuy would take action to have his parole revoked. (PASUMF 12). Defendant Depuy moved out of Plaintiff's mother's home and soon thereafter had criminal charges brought against Plaintiff in the State of Kansas. (PASUMF 13).

As a result of Defendant Depuy's position of power over Plaintiff throughout the time that she resided with him and her initiation of the relationship both inside of the WRDCC and when Plaintiff was a parolee of the MDOC, their relationship could not have been consensual and did "constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas*, 109 F.3d at 1338 (internal citations omitted).

**b. Defendants Thompson and Depuy were acting under color of state law when they engaged in conduct inside WRDCC and while Plaintiff was a parolee.**

To determine whether an individual was acting under color of state law and thus liable for their constitutional violations, courts have weighed a number of factors including if the individual was being paid by the state at the time of the violation, whether the individual was working on a state obligation when the violation took place, and whether the individual was holding themselves out to be a state actor at the time of the violation. *See Montano v.*

*Hedgepeth*, 120 F.3d 844 (8th Cir. 1997); *Brown v. Linder*, 56 F.4th 1140 (8th Cir. 2023); *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981). This case is distinguishable from *Glenn v. Brown*, 18-cv-02307-KLM, 2019 WL 3067286 (D. Col. 2019), cited by the moving Defendants, in that Plaintiff's position as a parolee was used against him and directly led to Defendants Thompson and Depuy using their status as employees of the MDOC to further their violations of Plaintiff's Eighth Amendment Rights. During the entire time that Defendant Depuy lived with Plaintiff, Plaintiff remained on parole from the MDOC and Defendant Depuy remained an employee of the MDOC. (PASUMF 10). Defendant Thompson was likewise still employed by the MDOC at the time of his violations of Plaintiff's Eight Amendment Rights. (PASUMF 11). Defendants Depuy and Thompson were acting under color of state law at the time they violated Plaintiff's Eighth Amendment rights while he was a parolee.

    **c. The moving Defendants deliberate indifference was the result of MDOC's institutional lack of affirmative action to stop the actions of Defendants Thompson and Depuy after learning of the same.**

Plaintiff concedes that moving Defendants O'Rourke and Boyer each testified that they only learned of Defendants Thompson and Depuys acts related to Plaintiff at their depositions, however, this is emblematic of the systemic issues within the MDOC when dealing with incidents such as Plaintiffs. Defendant O'Rourke was an internal parole officer at the time relevant to Plaintiff's allegations herein and prepared a report in April of 2020 for submission to the Parole Board seeking revocation of Plaintiff's parole. (PASUMF 14). However, despite the role that Defendant Depuy played in the underlying incident(s) that caused Plaintiff's parole to be revoked, Defendant O'Rourke had no knowledge of the internal investigation into Defendant Depuy's conduct until her deposition was taken in this case. (Defs. SUMF 36). Defendant Boyer was the Deputy Warden of Operations, including personnel issues, at the WRDCC at the time relevant to Plaintiff's allegations herein.

(PASUMF 15). Defendant Boyer was also shielded from any knowledge of the internal investigation into Defendant Depuy's conduct until her deposition was taken in this case. (Defs. SUMF 35).

After each of the remaining moving Defendants learned of the actions or Defendants Thompson and/or Depuy, they each either instigated an internal investigation or took no action because they knew of the internal investigation that was already underway. By the time that Defendant Rudisill had completed her internal investigation, both Defendants Thompson and Depuy were no longer employed by the MDOC and thus were not subject to any internal disciplinary actions and also faced no criminal charges, despite allegations of MDOC policies being found to have been substantiated against both. The moving Defendants should not be allowed to escape liability because of MDOC internal policy regarding internal investigations kept them from learning information that had they acted upon, would have potentially stopped the violations of Plaintiff's Eighth Amendment rights, thus leading them to show deliberate indifference towards Plaintiff and his rights.

### V. Plaintiff's Fourteenth Amendment liberty interest arose from his constitutional right to bodily integrity.

The liberty interest necessary to support a claim for violation of Fourteenth Amendment due process rights may "arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal quotation omitted). "In most cases, substantive due process violations involve 'marriage, family, procreation, and the right to bodily integrity.'" *Saylor v. Nebraska*, 812 F.3d 637, 646 (8th Cir. 2016) *quoting Singleton v. Cecil*, 176 F.3d 419, 425 (8th Cir. 1999).

Plaintiff's "right to bodily integrity" was violated by Defendants Depuy and Thompson. *Id.* Plaintiff has testified that while he was incarcerated at the WRDCC, he was

subjected to sexual harassment and abuse by Defendant Thompson who groped Plaintiff's genital area, pinched his buttocks and also made comments about Plaintiff's genitals and buttocks. (PASUMF 1 & 2). Plaintiff further testified that he and Defendant Depuy engaged in sexual acts at her urging while he was still incarcerated at the WRDCC. (PASUMF 5). During the entire time that Defendant Depuy lived with Plaintiff, Plaintiff remained on parole from the MDOC and Defendant Depuy remained an employee of the MDOC. (PASUMF 10). Plaintiff has testified that he remained in the relationship in part out of fear that Defendant Depuy would take action to have his parole revoked. (PASUMF 12). Defendant Depuy moved out of Plaintiff's mother's home and soon thereafter criminal charges were brought against Plaintiff in the State of Kansas with Defendant Depuy being the purported victim of said crimes. (PASUMF 13).

Plaintiff had a protected interest in his "right to bodily integrity" that was violated in violation of his Fourteenth Amendment by Defendants Thompson and Depuy using their respective positions of power over Plaintiff to entice or force him to engage in sexual acts, endure their sexual harassment and remain in a relationship with Defendant Depuy out of fear of his parole being revoked.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Plaintiff Albert Strutton respectfully requests that this Court deny the moving Defendants' Motion for Summary Judgment and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Erik P. Klinkenborg
Erik P. Klinkenborg          #49670
Jonathan Buschmann          #56804
JONATHAN BUSCHMANN,
ATTORNEY AT LAW, P.C.
1236 Swift Avenue
North Kansas City, MO 64116
Phone: (816) 472-4440
Fax:    (816) 472-4442
klinkenborglaw@gmail.com
jonathan@buschmannpc.com


LAUREN ALLEN, LLC
Lauren Perkins Allen
Missouri Bar #49845
4717 Grand Ave., Ste. 130
Kansas City, Missouri 64108
T:  816.877.8120
F:  816.817.1120
Email:  lpa@laurenallenllc.com


ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2023, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

/s/ Erik P. Klinkenborg
Attorney for Plaintiff