IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

ALBERT STRUTTON,                               )
                                               )
                    Plaintiff,                 )
                                               )
v.                                             )          Case No. 5:21-CV-06167-DGK
                                               )
RICHARD STEPANEK, et al.,                      )
                                               )
                    Defendants.                )

## ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

This case involves the alleged sexual harassment of a prisoner by corrections officers. Plaintiff Albert Strutton claims that while he was incarcerated at the Western Reception, Diagnostic, and Correctional Center ("WRDCC") in St. Joseph, Missouri, Defendants Tasha Depuy and Ray Thompson subjected him to sexual comments, innuendo, and abuse. He further alleges that he and his mother informed other employees at WRDCC of this conduct, including Defendants Richard Stepanek, Jacqueline Boyer, Ryan Brownlow, Amber Crites, Maureen O'Rourke, and Tracy Muff, and they all failed to act upon the reports. Plaintiff's four-count lawsuit against Defendants alleges violations of 42 U.S.C. § 1983.

The Court previously granted summary judgment on Counts II and III, and ordered Defendants Stepanek, Boyer, Brownlow, and Muff's (collectively "Moving Defendants") to file summary judgment on Count IV. *See* Order on Various Mots. at 7–9, ECF No. 107.

Now before the Court is Moving Defendants' amended motion for summary judgment on Count IV. ECF No. 112. For the reasons explained below, the motion is GRANTED.

## Standard

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts[1]

Plaintiff was an inmate at WRDCC from January 4 until January 31, 2019. Defendants Thompson and Depuy worked as corrections officers during that time. At all relevant times, Defendant Stepanek was the warden, and Defendant Muff was a probation and parole officer as

---

[1] To resolve the motion, the Court must first determine the material undisputed facts. The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion on Count IV. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). Improperly controverted facts have also been excluded from the record. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

2

well as a case manager at WRDCC. Defendant Muff was never Plaintiff's probation or parole officer.

On February 24, 2019, Defendant Depuy stopped coming to work at WRDCC. On March 7, 2019, an inmate informed Defendant Muff that Defendant Thompson was bringing illegal drugs into the facility. Defendant Muff reported this conduct to Defendant Stepanek. On March 8, 2019, Defendant Stepanek requested the employee conduct unit investigate these allegations.

On March 11, 2019, Defendant Thompson reported to Defendant Stepanek that he had observed Defendant Depuy and Plaintiff at a bar in Kansas City, Missouri on March 6, 2019. The day after learning this information, Defendant Stepanek requested the employee conduct unit investigate these allegations as well.

On or around April 5, 2019, Defendant Brownlow learned Defendant Depuy was contacting Plaintiff outside WRDCC. This was the first time Defendant Brownlow had become aware of potential avoidable contact between Defendant Depuy and Plaintiff. On May 22, 2019, Defendant Depuy was terminated.

It is unclear if, or when, Plaintiff reported Defendant Thompson and Depuy's alleged conduct to *anyone* at WRDCC while he was incarcerated. Plaintiff vaguely and inconsistently testified that he may have reported it to someone but, at other points, he testified that he did not report it for various reasons. And Plaintiff has not presented any evidence that Moving Defendants were ever made aware or should have been aware of Defendant Depuy and Thompson's alleged conduct while Plaintiff was incarcerated.

Defendant Boyer was Deputy Warden of the WRDCC in charge of personnel issues in 2019. It is undisputed, however, that Defendant Boyer did not learn of Plaintiff's allegations against Defendant Thompson and Depuy until his deposition in this case on May 4, 2023.

3

**Discussion**

Count IV of Plaintiff's Amended Complaint assert a claim against Moving Defendants in their individual capacities for failing to implement appropriate policies, customs, and practices concerning the reporting of sexual assault, and for failing to train, supervise, or retain staff with knowledge of sexual assault. Am. Compl. at 17–20, ECF No. 27; *see also id.* ¶¶ 6–8, 11 (stating each defendant is sued in their individual capacity).[2] Count IV is a claim for supervisory liability premised on a failure to train or supervise.

Moving Defendants argue they should be granted summary judgment on Count IV because they are entitled to qualified immunity. Plaintiff argues qualified immunity does not apply.[3]

Generally, under § 1983, a supervisor is only liable if they participated in the constitutional violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). But "a supervising officer can be liable for an inferior officer's constitutional violation . . . if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citation and internal quotations omitted). Supervisor liability is subject to qualified immunity, *id.* at 1002, and "requires an *individualized* analysis of each officer's alleged conduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (citation omitted). When a supervisor is sued for failure to train or

---

[2] In prior briefing, Plaintiff contended Count IV of the Amended Complaint was intended to state claims against Defendants in their official capacities, noting "[t]o the extent that this Court finds that Count IV is not stated against Moving Defendants in their official capacities, Plaintiff seeks leave of this Court to amend his Amended Complaint to make it clear." Doc. 71 at 15. But Plaintiff has not filed an appropriate motion for leave to amend. *See* L.R. 15.1 and 16.3. Accordingly, in ruling on this motion, the Court addresses Plaintiff's individual capacity claims as pled in Count IV. Even if Count IV was an official capacity claim, summary judgment would still be granted because the Eleventh Amendment bars suits against states, or state officials in their official capacities, for money damages. *See, e.g.*, *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016); *see also* Am. Compl. ¶¶ 97 (seeking only monetary damages for Moving Defendants alleged Eighth and Fourteenth Amendment violations).

[3] In doing so, Plaintiff cites only the general standard for qualified immunity and a single case indicating sexual assault by a corrections officer is actionable under § 1983. *See* Suggestions in Opp'n at 6–7 (citing *Freitas v. Ault*, 109 F.3d 1335 (8th Cir. 1997)). But Plaintiff does not discuss or cite a single controlling case applying qualified immunity to a failure to train or supervise claim. Again, Plaintiff has failed to adequately research and brief the issue before the Court. *See* Order on Various Mots. at 8 (discussing Plaintiff's insufficient briefing on whether the law was clearly established).

4

supervise, and they did not participate in the alleged constitutional violation, they are "entitled to qualified immunity unless plaintiff proves that the supervisor (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *Id.* (citation omitted). A "single incident, or a series of isolated incidents, is usually insufficient to infer a pattern." *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018).

It is undisputed that Moving Defendants did not participate in the alleged constitutional violations. Thus, Plaintiff must prove that each Moving Defendant—Stepanek, Boyer, Brownlow, and Muff—received notice of a pattern of unconstitutional acts committed by Defendants Thompson and Depuy and were each deliberately indifferent to those acts.

Plaintiff has not made this showing. Defendants Stepanek and Brownlow received only single, isolated reports concerning Defendant Depuy's alleged avoidable contact with Plaintiff after his incarceration. These single, isolated reports of Defendant Depuy's alleged avoidable contact do not establish a pattern conduct. Further, Plaintiff has not presented any evidence Moving Defendants were ever made aware or should have been aware of Defendant Depuy and Thompson's alleged conduct while Plaintiff was incarcerated. In addition, there is no evidence Defendant Muff knew of Defendant Depuy's avoidable contact with Plaintiff, and Defendant Boyer only learned of Plaintiff's allegations during his May 4, 2023, deposition. These undisputed facts do not establish a pattern of unconstitutional conduct or give rise to the notice required for supervisor liability.

Because Plaintiff fails to substantiate his claims at the first step, the Court does not discuss whether Moving Defendants were deliberately indifferent. Accordingly, Moving Defendants are entitled to qualified immunity on Count IV.

## Conclusion

For the reasons above, the motion for summary judgment GRANTED.

**IT IS SO ORDERED.**

Date:     November 6, 2023          /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT