**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | |
|---|---|
| ALBERT STRUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　　No. 5:21-CV-06167-DGK |
| | ) |
| RICHARD STEPANEK, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT DEPUY'S**
**MOTION FOR SUMMARY JUDGMENT**

This case involves the alleged sexual harassment of a prisoner by corrections officers. Plaintiff Albert Strutton claims that while he was incarcerated at the Western Reception, Diagnostic, and Correctional Center ("WRDCC") in St. Joseph, Missouri, Defendants Tasha Depuy and Ray Thompson subjected him to sexual comments, innuendo, and abuse. He further alleges that he and his mother informed other employees at WRDCC of this conduct, including Defendants Richard Stepanek, Jacqueline Boyer, Ryan Brownlow, Amber Crites, Maureen O'Rourke, and Tracy Muff, and they all failed to act upon the reports. Plaintiff's four-count lawsuit against Defendants alleges violations of 42 U.S.C. § 1983.

The Court previously granted summary judgment on Counts II and III, and IV. *See* ECF Nos. 107, 124. Now before the Court is Defendant Depuy's motion for summary judgment on Count I. ECF No. 128. For the reasons explained below, the motion is GRANTED.

**Standard**

A movant is entitled to summary judgment if he "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing

law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

**Undisputed Material Facts**[1]

Plaintiff was an inmate at WRDCC from January 4 until January 31, 2019. Defendants Thompson and Depuy worked as corrections officers then. At all relevant times, Defendant Stepanek was the warden, and Defendant Muff was a probation and parole officer as well as a case manager at WRDCC. Defendant Muff was never Plaintiff's probation or parole officer.

Plaintiff alleges Defendant Thompson made comments about and made physical contact with Plaintiff's genitalia and buttocks during this time. Plaintiff also testified that he and Defendant Depuy engaged in sexual acts while he was in WRDCC.

---

[1] To resolve the motion, the Court must first determine the material undisputed facts. The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion on Count I. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). Improperly controverted facts have also been excluded from the record. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

On February 5, 2019, Defendants Depuy and Thompson visited Plaintiff in a hotel room where he was staying. Defendant Depuy moved in with Plaintiff on that same day. At some point later, Defendant Depuy moved into Plaintiff's mother's house and resided with Plaintiff and his mother. Defendant Depuy had her driver's license address changed to Plaintiff's mother's address. And while the exact date is unclear, Defendant Depuy later moved out of that house and criminal charges were brought against Plaintiff in Kansas with Defendant Depuy as the purported victim.

On February 24, 2019, Defendant Depuy stopped coming to work at WRDCC. On March 7, 2019, an inmate informed Defendant Muff that Defendant Thompson was bringing illegal drugs into the facility. Defendant Muff reported this conduct to Defendant Stepanek. On March 8, 2019, Defendant Stepanek requested the employee conduct unit investigate these allegations.

On March 10, 2019, the employee conduct investigation unit opened an investigation and assigned Defendant Rudisill to conduct it. On March 11, 2019, Defendant Thompson reported to Defendant Stepanek that he had observed Defendant Depuy and Plaintiff at a bar in Kansas City, Missouri on March 6, 2019. The day after learning this information, Defendant Stepanek requested an investigation into these separate allegations. These allegations were ultimately added to Defendant Rudisill's investigation of the allegations against Defendant Thompson.

On or around April 5, 2019, Defendant Brownlow learned that Defendant Depuy was contacting Plaintiff outside WRDCC. This was the first time that Defendant Brownlow had become aware of potential avoidable contact between Defendant Depuy and Plaintiff. On May 22, 2019, Defendant Depuy was terminated.

On May 29, 2019, parole officer Colin Newkirk interviewed Plaintiff regarding allegations that he violated his parole. Plaintiff told Newkirk that he was in a relationship with Defendant Depuy. He also told Newkirk that he had engaged in sexual contact with Defendant Depuy while

incarcerated at WRDCC. The very next day, Newkirk submitted a request for investigation concerning these allegations. These allegations were also added to Defendant Rudisill's investigation.

On May 31, 2019, Plaintiff was returned to WRDCC for a parole violation, and then extradited to Johnson County, Kansas on June 4, 2019. On June 12, 2019, Defendant Thompson resigned from WRDCC.

On July 22, 2019, Defendant Rudisill interviewed Plaintiff regarding the allegations he made on May 29, 2019. Plaintiff told Defendant Rudisill that he and Defendant Depuy began a romantic relationship in early January 2019. He also said that Defendant Thompson had propositioned him and grabbed at Plaintiff's penis while he was incarcerated.

It is unclear if, or when, Plaintiff reported Defendant Thompson and Depuy's alleged conduct to *anyone* at WRDCC while he was incarcerated. At one time, Plaintiff testified that he may have reported it to someone but, at other times, he testified that he did not report it.

On August 28, 2019, Defendant Rudisill completed her investigation. The investigation concluded that Defendant Deputy had avoidable contact with Plaintiff, but that there was insufficient evidence to support the allegation that she engaged in sexual contact with Plaintiff at WRDCC. On April 24, 2020, while not incarcerated at WRDCC, Plaintiff submitted his first grievance concerning the allegations in the complaint.

## Discussion

In Count I, Plaintiff alleges Defendant Depuy violated his Eighth Amendment right against cruel and unusual punishment by forcing him to engage in sexual contact against his will.

Defendant Depuy contends the sexual contact was consensual, and therefore she is entitled to qualified immunity.[2]  Plaintiff has not carried his burden showing otherwise.

"Qualified immunity generally protects public officials from § 1983 lawsuits where the officials' conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hovick v. Patterson*, 37 F.4th 511, 516 (8th Cir. 2022) (citation and internal quotations omitted).  The qualified immunity analysis involves two inquires: "(1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Stark v. Lee Cnty., IA*, 993 F.3d 622, 625 (8th Cir. 2021).  Plaintiff bears the burden at each step.  *See Wilson v. Lamp*, 901 F.3d 981, 986 (8th Cir. 2018); *Hovick*, 37 F.4th at 516.

It is undisputed that "sexual harassment or abuse of an inmate by a corrections officer . . . [may] in certain circumstances, constitute the unnecessary and wanton infliction of pain forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (cleaned up). To prevail on an Eighth Amendment sexual harassment claim, "an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain.'" *Id.*  This objective test turns on whether the sexual contact was consensual.  *See id at 1339*.  That is, consensual sexual contact between an inmate and a corrections officer does not constitute the type of harm the Eighth Amendment guards against.

Plaintiff has not produced any evidence Defendant Depuy forced him to engage in sexual contact against his will.  Plaintiff's statement of facts states only that "Plaintiff and Defendant

---

[2] Defendant Depuy also argues Plaintiff failed to exhaust his administrative remedies.  Because the Court decides the issue on qualified immunity grounds, it does not address Plaintiff's exhaustion argument.

Depuy engaged in sexual acts within the WRDCC on multiple occasions." Pl.'s Suggestions in Opp'n at 11, ECF No. 138. Plaintiff has not offered any evidence to support his conclusion that this sexual contact was nonconsensual. In fact, the deposition testimony Plaintiff cites in support of his claim suggests it was consensual. *See* Dep. of Albert Strutton at 19:19–23, ECF No, 138-1.

And even if a consensual sexual relationship between an inmate and corrections officer violates the Eighth Amendment, Plaintiff bears the burden of showing the violation was clearly established at the time of the deprivation. *See Hovick*, 37 F.4th at 516. Plaintiff has failed to do so. Plaintiff cites no "existing circuit precedent with sufficiently similar facts," a "robust consensus of . . . persuasive authority," or a "general constitutional rule that applies with obvious clarity." *Id.* at 517 (internal quotation marks omitted).

Accordingly, because Plaintiff has not carried his burden at either step, Defendant Depuy is entitled to qualified immunity on Count I.

**Conclusion**

For the reasons above, the motion for summary judgment GRANTED.

**IT IS SO ORDERED.**

Date:    January 3, 2024            /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT